| | | |
|---|---|---|
| Avery Raynard Mosley-Hugine, | ) | C/A No. 3:10-295-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Samuel B. Glover; | ) | |
| Stacey Barowick; | ) | |
| Catherine Cooper; | ) | |
| Department of Probation Parole and Pardon Services, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a former prisoner who is proceeding *pro se*, filed this matter pursuant to 42 U.S.C.

§ 1983.[1] Plaintiff pleaded guilty to criminal sexual conduct in the second degree ("CSC") and assault

and battery of a high and aggravated nature ("ABHAN") in 1999.[2] He was sentenced to twenty (20)

years imprisonment, suspended upon the service of four (4) years followed by (4) years of probation

for CSC. He was also sentenced to ten (10) years of imprisonment, suspended upon the service of

four (4) years followed by (4) years of probation for ABHAN. The sentences were to run concurrent

---

[1]
    Plaintiff, who is seeking damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983. Plaintiff also seeks the expungement of his criminal records, however, this relief is not available in a Section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge his convictions or sentences, he must obtain habeas forms from the Clerk of Court and file a separate action after he fully exhausts all his state remedies.

[2]
    The recitation of plaintiff's criminal history is taken from a Report and Recommendation entered in Civil Action No. 3:07-589-HFF-JRM (D.S.C. 2007). This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

to one another.

Plaintiff filed a direct appeal, however, it was dismissed for failure to comply with the Court's procedural rules. Plaintiff filed an application for post-conviction relief ("PCR") on February 8, 2001, but he later filed an affidavit asking to withdraw the PCR. Consequently, the action was dismissed with prejudice on July 26, 2001.

At some point in time, plaintiff was released from incarceration and placed on probation. In July 2005, plaintiff's probation was revoked. Plaintiff filed a second PCR application, presumably attacking his original sentence. Plaintiff then filed a petition for writ of habeas corpus in this court, which was dismissed without prejudice for failure to fully exhaust his state remedies.

Plaintiff has now filed this civil rights action. In his prayer for relief, plaintiff asks "[f]or all charges and offenses to be removed from the NCIC records and any other state or federal records and for the petitioner's (sic) to be compensated for his time of incarceration." In the answers to plaintiff's 26.01 interrogatories, plaintiff states he is "asking for this (his prior habeas action) to be reopen (sic) cause (sic) of decision made by the lower court. The lower court judge ruled against the statue."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to

allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's subsequent convictions and related state court proceedings are concerned, this § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey, supra. See also Schafer v. Moore*, 46 F.3d 43 ( 8ᵗʰ Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4ᵗʰ Cir. 1996)*. Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). *Gibbs v. South Carolina Dept. of Probation, Parole and*

*Pardon Services*, 168 F.3d 481 (4th Cir. 1999)(civil rights claims barred by *Heck* because favorable determination on the merits of Gibbs' claims would imply the invalidity of the probation revocation orders); *Walde v. Guertler*, 2006 WL 5444361 (E.D. Va. 2006)(unpublished) *citing Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (claim involving false testimony at federal probation revocation hearing was invalid under *Heck*); *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Since the plaintiff has failed to establish that any of his convictions and/or sentences have been reversed, expunged, or declared invalid by a state court, and since no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Joseph R. McCrorey
United States Magistrate Judge

March 24, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).